## 65111. BROWN v. CITY OF ATLANTA.

QUILLIAN, Presiding Judge.

This is an appeal from summary judgment for defendant-appellee City of Atlanta and denial of same to plaintiff-appellant Brown as to liability in an action seeking damages for the destruction without compensation of an apartment building owned by Brown after the City found the building unfit for human habitation or occupancy. *Held:*

1. The City acted under an ordinance which was an exercise of police power. Appellant asserts that summary judgment should not have been granted the City because the City did not give him proper notice of its action in accordance with the ordinance.

The City followed the notice requirements of the ordinance by first attempting to personally serve appellant with notice that his property had been found unfit for human habitation or occupancy and that a hearing would be held on the findings. Numerous attempts were made to serve appellant at his residence address in Jonesboro. Although someone appeared to be at the residence there were only two responses to the door. The first time a man, who said he was J. D. Brown, Sr., and who said that no one by the name of J. D. Brown, Jr. (to whom the notice was addressed) resided at the address and that he had no knowledge of any property owned by a J. D. Brown, Jr. at the address of the premises in Atlanta. The second time a woman answered the door and said that no one named J. D. Brown, Jr. lived at the address. Thereafter, in accordance with the ordinance, a City officer made an affidavit that the whereabouts of appellant was unknown after the exercise of reasonable diligence and service of notice and hearing was made by publication in October 1976. A copy of the published notice was posted on the premises in question. On the date set for hearing, appellant did not appear, and following the procedures of the ordinance the City ordered the building

demolished. In October 1977, before demolition took place, the City sent a routine letter to appellant, at the same address at which personal service had been unsuccessful, informing him of the possibility of obtaining a grant to pay for the cost of demolishing the building. This prompted a letter response from appellant, using the same address and the name J. D. Brown, stating that the letter was the first notice he had of any action being taken against his building and threatening suit if the City demolished it without compensating him. Other than the letter no attempt was made by appellant to prevent the demolition of his building, which occurred in December 1977.

Our review of the procedures used by the City reveals that the requirements of the ordinance concerning notice to the appellant were complied with. Appellant's argument that his deposition testimony denying that he had received any notice precluded the grant of summary judgment is without merit as his deposition had not been filed before the hearing on the motion and thus could not be considered. Code Ann. § 81A-156 (c).

The trial court did not err in granting summary judgment to the City.

2. The remaining allegations of error are without merit.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED FEBRUARY 3, 1983 — 

*Oze R. Horton,* for appellant.
*David D. Blum, Joe M. Harris, Jr.,* for appellee.